IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-73,825-01






EX PARTE JOEL FRANCISCO VILLAREAL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 05 CR 4301 G IN THE 319TH DISTRICT COURT


FROM NUECES COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to and was convicted
of two counts of aggravated robbery and sentenced to thirty-five years' imprisonment for each count.
He did not appeal his conviction.

 Applicant contends that his plea has been rendered involuntary by the State's failure to
enforce an agreement that the sentences run concurrently. Applicant also alleges that trial counsel
rendered ineffective assistance because counsel induced him to plead guilty in exchange for a plea
agreement that would not be enforced. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the
trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The state's answer to Applicant's 11.07 application suggests that a judgment nunc pro tunc
would resolve the issues raised in this application. The trial court shall make findings of fact as to
whether a judgment nunc pro tunc has been signed in this case, correcting the alleged error in the
judgment. If the court finds that such an order has been signed, the trial court shall make findings
of fact and conclusions of law addressing whether the order disposes of the issues raised in this
habeas corpus application. If such a judgment has been signed, the trial court shall order the district
clerk to supplement the habeas record with a copy of the order and relevant findings. If no such
judgment nunc pro tunc has been signed, or if the court finds that the corrected judgment does not
resolve the issues raised, the trial court shall make findings of fact and conclusions of law as to
whether Applicant's plea was involuntary. Specifically, the trial court shall make findings of fact and
conclusions of law addressing whether concurrent sentences were part of a plea agreement and, if
they were not, whether consecutive sentences are lawful in this case. The trial court shall also make
findings of fact and conclusions of law addressing whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. If
such findings are necessary, the trial court shall provide Applicant's trial counsel with the
opportunity to respond to Applicant's claim of ineffective assistance of counsel. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: June 9, 2010

Do not publish